FILED
CLERK
1/14/2020 5:12 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSEPH HENDERSON *on behalf of himself and all others similarly situated*,

            Plaintiff,

   -against-

CAPITAL MANAGEMENT SERVICES, L.P.,

            Defendant.
--------------------------------------------------------X

**ORDER**
19-CV-3771 (JMA) (AYS)

**AZRACK, United States District Judge:**

     On February 5, 2019, plaintiff initiated a civil action against defendant in the Supreme Court of the State of New York, County of Suffolk, by filing a Summons with Notice. Defendant alleges it received plaintiff's Summons with Notice on or about June 4, 2019. (ECF No. 1.) Defendant removed the action to Federal Court on June 28, 2019. (Id.) Plaintiff did not file a complaint in Federal Court.

     On October 17, 2019, defendant filed a motion to compel the Court to issue an Order directing plaintiff to file a complaint. (ECF No. 5.) Magistrate Judge Anne Y. Shields granted this motion by Electronic Order dated October 20, 2019. Judge Shields directed plaintiff "to serve [d]efendant with a complaint that complies with the Federal Rules of Civil Procedure on or before October 31, 2019." (Electronic Order, 10/20/2019.)

     To date, plaintiff has not filed a complaint in federal court, filed proof of service of a complaint on defendants, or otherwise communicated with the Court. Accordingly, on December 9, 2019, defendant filed a letter motion to dismiss for failure to file a complaint. (ECF No. 6.) Plaintiff has not responded to defendant's motion.

Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

This case was removed in June 2019 and to date, Plaintiff has failed to file a complaint, respond to this Court's Order directing service of a complaint on defendant, or oppose defendant's motion to dismiss the case for failure to comply with this Court's Order. The Court has considered the relevant factors and here and concludes that plaintiff's failure to comply with this Court's Order, file a complaint, or otherwise communicate with the Court warrants dismissal. Accordingly, the Court GRANTS defendant's motion to dismiss. This case is thus dismissed for failure to prosecute and noncompliance, and the Clerk of Court is directed to mark this case closed.

**SO ORDERED.**

Dated: January 14, 2020
Central Islip, New York

                                                    /s/ JMA
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE